UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOISTINE HOSKIN, | ) |
| | ) |
| Plaintiff, | ) Cause No.: 4:22-cv-533 |
| | ) |
| v. | ) Missouri Circuit Court for St. Louis County |
| | ) Missouri Cause No.: 20SL-CC05288 |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq., Defendant Cracker Barrel Old Country Store, Inc. files its Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for St. Louis County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. Plaintiff's Petition asserts a claim for negligence/premises liability and is a controversy between citizens of the States of Missouri and Tennessee. Plaintiff's allegations of negligence/premises liability arise out of an alleged slip and fall incident occurring on the premises of the Cracker Barrel restaurant located at 10915 New Halls Ferry Road, St. Louis County, Missouri 63136 on December 18, 2019. (Exhibit A, Plaintiff's Petition).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351, at *2 (E.D. Mo. Nov. 17, 2014). "To establish

1

complete diversity of citizenship, a complaint (or notice of removal) must include factual allegations of each party's state of citizenship." *Id*.

4. Plaintiff's Petition does not assert her citizenship, but does assert that she is a resident of St. Louis County, Missouri. (Exhibit A, ¶1); *see Cross Keys Pub. Co, Inc. v. LL Bar T Land & Cattle Co., Inc.,* 887 F. Supp. 219, 223 (E.D. Mo. 1995) (factual assertions in pleadings are binding admissions).

5. Citizenship of an individual person is established by the person's physical residence and the intent to remain in that state. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) (physical presence plus intent to remain establishes citizenship). *See also, Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (an individual is a citizen of the state in which she is domiciled and domicile is determined by residency plus the intent to remain).

6. When determining whether a person has an intent to remain in a state, Courts will look to the "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017) (quoting *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir 1965)); *see also Techno-TM, LLC v. Fireaway, Inc.*, 928 F.Supp.2d 694, 697 (S.D.N.Y. 2013) (location of the person's residence, real and personal property, payment of taxes, voting registration, and location of spouse and children among others considered in determining intent to remain).

7. Plaintiff is a registered voter in St. Louis County, Missouri and first registered as a voter in St. Louis County on November 27, 1979. (Exhibit B, Voter Registration Records). Plaintiff registered her address as 4 Harneywold Dr., St. Louis, Missouri 63136. (Exhibit B).

8. Plaintiff has paid real estate taxes in Missouri for 4 Harneywold Dr., St. Louis, Missouri 63136 since at least 2018. (Exhibit C, St. Louis County Real Estate and Personal Property Tax Receipts). Plaintiff has also paid personal property taxes in Missouri and has Plaintiff has designated 4 Harneywold Dr., St. Louis, Missouri 63136 as her Taxing Address for property tax assessment purposes since at least 2018. (Exhibit C).

9. The records demonstrate Plaintiff is registered to vote in Missouri, having first registered to vote in Missouri on November 27, 1979, and has paid real estate and personal property taxes in Missouri since at least 2018. These facts demonstrate Plaintiff currently resides in Missouri and has an intent to remain in Missouri indefinitely. *Altimore*, 420 F.3d at 768. Thus, Plaintiff is domiciled in Missouri and is, therefore, a citizen of Missouri. *Id*.

10. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's highest-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

11. Plaintiff has correctly pled that Defendant Cracker Barrel Old Country Store, Inc. is a foreign corporation. (Exhibit A, ¶2). Defendant Cracker Barrel Old Country Store, Inc. is incorporated in Tennessee. (Exhibit D, Affidavit of Jean Shuttleworth, ¶3). Defendant Cracker Barrel Old Country Store, Inc.'s corporate headquarters and principal place of business is also located in Tennessee. (Exhibit D, ¶4). Defendant is therefore a citizen of Tennessee. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. at 92-93 (corporation is citizen of state of incorporation and where its principal place of business is).

12. Plaintiff is a citizen of a state that is completely diverse from the Defendant and Defendant is not a citizen of the forum state. Therefore, this action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *See also*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action based on diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

13. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

14. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). "To meet its burden, the defendant must present some specific facts or evidence to prove that the amount in controversy exceeds the jurisdictional amount." *Harris v. TransAmerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (internal quotations removed).

15. Plaintiff's Petition contains a prayer for damages in excess of $25,000. (Exhibit A). However, the amount in controversy exceeds $75,000 because Plaintiff has made a pre-suit settlement demand for $100,000.00 (Exhibit E, July 29, 2020 Demand Letter; Exhibit F, August 10, 2020 Demand Letter). The last settlement demand made by Plaintiff before she filed her Petition was for $56,000. (Exhibit G, October 12, 2020 Demand Letter). Plaintiff's October 12, 2020 demand letter also asserts that Plaintiff has suffered pain and numbness and disfigurement to

her right wrist and elbow. (Exhibit G). Furthermore, Plaintiff's Petition alleges that Plaintiff suffered damage to her "head; neck; right side, low back and hip; right shoulder, arm, elbow (with ulnar neuropathy); right hand and right wrist (carpal tunnel)" and "her entire nervous system which has been severely shocked and deranged and that Plaintiff has suffered, currently suffers and will in the future continue to suffer great physical pain, right hand weakness and strength and mental anguish. (Exhibit A, ¶13). Plaintiff also alleges that she "has been caused to incur medical expenses for the medicine, doctors, x-rays, medical institutions, medical procedures, and prescription, and will in the future be required to expend further sums". (Exhibit A, ¶14).

16. Plaintiffs October 12, 2020 demand for $56,000 does not mean the amount in controversy is not satisfied. The standard employed by this Court is "not whether the damages are greater than a requisite amount, but whether a fac[t] finder might legally conclude that they are." *Perkins v. Safeco Ins. Co. of m.*, 2021 U.S. Dist. LEXIS 133898, at *3 (E.D. Mo. July 19, 2021) (amount in controversy still satisfied even though plaintiff's last pre-suit demand was $50,000 and plaintiff specifically pled in his petition that he is seeking less than $75,000). The $56,000 demand is not dispositive.

17. Taking into account the initial demand of $100,000 and the permanent injuries Plaintiff has pled, including ulnar neuropathy and carpal tunnel, damage to her nervous system and claim that she will incur future medical expenses, this Court cannot find as a matter of law that Plaintiff's damages will not exceed $75,000. *Ward v. Sailormen, Inc.*, U.S. Dist. LEXIS 24784, at *6 (E.D. Mo. Apr. 3, 2007) (denying motion to remand where plaintiff has pled "serious and permanent injuries and necessary medical care" and a settlement demand of $100,000 was made).

18. This civil action is between completely diverse citizens (citizens of the States of Missouri and Tennessee). Further, the amount in controversy exceeds $75,000. As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

19. Plaintiff filed her Petition in the Circuit Court of St. Louis County, Missouri on October 20, 2020. (Exhibit A).

20. Plaintiff did not request the issuance of a summons directed to Defendant until April 4, 2022, over one year and five months after Plaintiff filed her Petition. (Exhibit F, State Court File).

21. Although § 1446(c) contains a one-year limitation period, the limitation period does not apply to cases that were removable when originally filed. *Brown v. Tokio Marine and Fire Ins. Co., Ltd.*, 284 F.3d 871, 873 (8th Cir. 2002) (the "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period….only applies to cases that were not removable to federal court when originally filed."); *see also Lobonc-Billhartz v. State Farm Mut. Auto. Ins. Co.*, 2017 U.S. Dist. LEXIS 194879, at *2-3 (E.D. Mo. Nov. 28, 2017); *Williams v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 160202, at *5 (E.D. Mo. Nov. 8, 2012).

22. There was complete diversity between the parties at the time Plaintiff filed her Petition. Furthermore, the amount in controversy exceeded $75,000 at the time the lawsuit was filed based on Plaintiff's pre-suit settlement demands and claims for permanent injuries and future medical expenses. Therefore, the case was removable to this Court at the time it was filed by Plaintiff. *Brown*, 284 F.3d at 873; *Lobonc-Billhartz*, 2017 U.S. Dist. LEXIS 194879, at *2-3; *Williams*, 2012 U.S. Dist. LEXIS 160202, at *5.

23.     Defendant Cracker Barrel Old Country Store, Inc. was served with a summons and Plaintiff's Petition on April 15, 2022. (Exhibit F).  Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after service.

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rule 3-2.07 because this action was originally filed in St. Louis County, Missouri, which is included in this Court's judicial area.

25.     Attached as Exhibit H is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

26.     Attached as Exhibit I is the Eastern District Court of Missouri Cover Sheet.

27.     Attached as Exhibit J is the Original Filing Form.

WHEREFORE, Defendant Cracker Barrel Old Country Store, Inc. prays that the above-captioned matter be removed from the Missouri Circuit Court of St. Louis County.

*/s Joseph R. Swift*
Joseph R. Swift #37241
Zachary T. Faires #64841
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
jswift@bscr-law.com
zfaires@bscr-law.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify on the 16th day of May, 2022, the foregoing was filed electronically using the Court's CM/ECF system, and served electronically to the following counsel of record:

J. Justin Meehan
1717 Park Avenue
St. Louis, MO 63104
jjustinmeehan@gmail.com
*Attorney for plaintiff*

Brian D. Kurth
Meyerkord & Kurth, LLC
140 Prospect Avenue, Ste. F
St. Louis, MO  63122
bdk@meyerkordlaw.com
*Attorney for plaintiff*

                                              */s/ Joseph R. Swift*